IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONKEIVIUS WILLIAMSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00424 |
| ) | |
| JERRY LESTER, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner Ronkeivius Williamson, a state prisoner incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee has filed petition for a writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2254, challenging the conviction and sentence for second-degree murder entered by the Criminal Court for Davidson County, Tennessee in 2009.

In response to the Court's order entered May 7, 2013 directing a response to the petition, the respondent, Jerry Lester, has filed a motion to dismiss Williamson's petition (ECF No. 7) on the grounds that the petition was filed outside the one-year statute of limitations. The petitioner has not filed a response in opposition to that motion. For the reasons set forth herein, the Court finds that petition is subject to dismissal on the basis that it is time-barred.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Williamson pleaded guilty to a reduced charge of second-degree murder on September 28, 2009, and was sentenced to 25 years' imprisonment at 100%.[1] Williamson did not seek direct review of this conviction, but he filed a petition for post-conviction relief in the state court on February 8, 2010, seeking to withdraw his guilty plea on the basis that he had received ineffective assistance of counsel in deciding whether to enter a plea. After an evidentiary hearing at which the petitioner and his former attorney testified and submitted exhibits, the post-conviction court entered an order on March 23, 2011, denying relief. The Tennessee Court of Criminal Appeals affirmed in a decision entered February 28, 2012. *Williamson v. State*, No. M2011-00951-CCA-R3-PC, 2012 WL 626301 (Tenn. Ct. Crim. App. Feb. 28, 2012). The Tennessee Supreme Court denied

---

[1] Williamson was fourteen years old on May 10, 2007 when the crime was committed. (ECF No. 1, at 6.)

the petitioner's application for permission to appeal by order entered May 16, 2012.

## II. DISCUSSION

The petitioner here claims that the ineffective assistance of counsel led him to enter a guilty plea in the underlying criminal case. In the section of his habeas petition addressed to the timeliness of the petition, Williamson states:

> I have had numerous of inmate Legal Aid to assist me in my case, because I been segregation [sic] lock-down for months and furthermore, I have no knowledge in the expertise of law. So, I have to have another inmate for assistance and when then the whole prison might be on lock-down mode for months, too. So, it is very difficult to get this petition finished. I was unaware of any timeline until I read this Question 18.

(ECF No. 1, at 15.)

The statute of limitations pertaining to the filing of § 2254 petitions states in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, the one-year statute of limitations clearly began running from the date on which Williamson's time for filing a direct appeal expired, under § 2244(d)(1)(A). Judgment was entered in the state-court criminal proceeding on September 28, 2009. The time for filing a direct appeal expired 30 days later, on October 28, 2009. *See* Tenn. R. App. P. 4; *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). The limitations period therefore began running the next day, on Thursday, October 29, 2009.

However, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Williamson filed his petition for post-

conviction relief on February 8, 2010, 103 days into the limitations period, thus tolling the statute beginning on that date. Accordingly, at that point, 262 days remained of the one-year period for filing a habeas petition.

The limitations period remained tolled through May 16, 2012, when the Tennessee Supreme Court denied Williamson's application for permission to appeal the denial of his petition for post-conviction relief, and began running again on May 17, 2012. The 262nd day following the Tennessee Supreme Court's decision fell on Saturday, February 2, 2013, so the limitations period expired on the next business day following that date, Monday, February 4, 2013. Williamson's petition, however, was filed more than two months later, on April 19, 2013.[2] Consequently, the petition is clearly time-barred unless Williamson can establish some basis for further tolling of the limitations period.

In that regard, the Sixth Circuit has recognized that the one-year statute of limitations is not jurisdictional and is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The doctrine of equitable tolling is used sparingly, however, and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available under § 2244(d), and holding that such tolling is warranted only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

In this case, the petitioner indicates that he was unaware of the limitations period until he read the standard form, and that he relied on the assistance of other inmates to help him prepare his petition. He also states that he and his inmate helpers were subject to frequent lock-downs that made completion of the petition difficult. Ignorance of the law, however, is not cause for equitable tolling, and prison lock-downs do not

---

[2] The petition was not received by the Court and docketed until May 3, 2013, but it was signed and dated by the petitioner on April 19, 2013. Under the prison mail-box rule, a prisoner's habeas petition is deemed to be filed the day the inmate delivers it to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). "[A]bsent contrary evidence," a prisoner is presumed to have given his complaint to prison authorities for filing on the date he signed the complaint. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

constitute extraordinary circumstances. The petitioner does not allege that he was in solitary confinement for an extended period of time. Further, as the respondent points out, the arguments raised in his petition are not numerous or complicated, and the petition simply reiterates the arguments already made in the Tennessee Court of Criminal Appeals. The Court finds that the petitioner here has not presented any viable basis for equitable tolling of the statute, and that his petition is therefore barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

**III.    CONCLUSION**

In sum, the present petition is time-barred. The respondent's motion to dismiss will therefore be granted, and the petition will be dismissed. An appropriate order is filed herewith.

Todd Campbell
United States District Judge